### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| TYLER FRAME,       Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION No. 24-00411-KD-MU |
| LEE LOUIS HALE, JR.,       Defendant. | ) ) ) ) |

### ORDER

This action is before the Court on the Motion for Recovery of Expenses Incurred in Making Service and Associated with this Motion. (Doc. 4). Upon consideration, and for the reasons below, the motion is **granted**.

**I.   Background**

On October 8, 2024, Plaintiff Tyler Frame's ("Frame") counsel—David Schoen ("Schoen")—emailed a letter to Defendant Lee Louis Hale, Jr. ("Hale"). (Doc. 15-1). The letter warned Hale that a legal malpractice claim may be filed against him. (Id.).

On November 10, 2024, Frame filed a complaint for legal malpractice against Hale. (Doc. 1).

On November 11, 2024, Schoen emailed Hale a request for waiver of service. (Doc. 4-1). The email notified Hale that a lawsuit had been filed against him and that Hale had 30 days to return an executed waiver of service via email. (Id.). Schoen attached the complaint and a waiver of service form to the email. (Id.). The waiver of summons form included notice regarding the duty to avoid unnecessary expenses of serving a summons. (Id. at 3).

On November 25, 2024, Hale's counsel—M. Warren Butler ("Butler")—emailed a letter to Schoen. (Doc. 10-1). Among other things, Butler advised Schoen that Hale's legal team intended

to seek relief against Schoen and his client under the Alabama Litigation Accountability Act if the claims against Hale were not immediately dismissed. (Id. at 1).

On November 27, 2024, Schoen emailed a letter to Butler in response. (Doc. 15-2). Among other things, Schoen indicated his understanding that "Hale has declined the request for waiver of service." (Id. at 8). Schoen asked Butler if his legal team would accept service via email or if Schoen needed to "go to the expense of executing service." (Id.). Schoen's letter closed with the following:

> Please let me know by return email whether you will accept service for Mr. Hale and please confirm that he will not execute the waiver of service. I don't want to impose further on your time; so let's leave it that if I don't hear from you by the end of this week on the service issue, I will move forward, based on your reference to service, with the understanding that Mr. Hale rejects the waiver of service. I will arrange for service to be made and will proceed accordingly on the rejection of the waiver.

(Id.).

On December 12, 2024, Schoen retained a legal process serving company for $85. (Doc. 4-2). By this date, Hale had neither returned the requested waiver of service nor notified Schoen that he would do so.

At 11:50 a.m. on December 19, 2024, service was reportedly made on Hale. (Doc. 5). According to the server's affidavit, the individual who accepted service confirmed his name as Lee Louis Hale, Jr and appeared to be 5'4 to 5'6" tall and weigh 120 to 140 pounds. (Id.). Hale's affidavit denies that he accepted service on December 19, 2024. (Doc. 10-5). Hale swears that he is 5'9" tall and weighs 280 pounds. (Id.).

At 2:37 p.m. on December 19, 2024, Butler emailed Schoen the following:

> We will agree to accept service on behalf of Lee Hale, Jr. on the condition that we are reserving all rights and not waiving any defenses, arguments, or positions to assert on his behalf by doing so. It is my understanding of the federal rules that by doing so we are entitled to 60 days to file a responsive pleading after your request

2

> for waiver was sent. If you disagree, please advise us. Otherwise, we will docket a 60-day deadline from the date we received your request on November 27th to allow us until January 27th to respond.

(Doc. 10-4 at 4–5). Schoen responded by explaining that Hale was already served. (Id. at 4). Butler asked when and how Hale was served. (Id. at 3). After some back and forth, Butler informed Schoen that Hale would not challenge the validity of service. (Id. at 1).

On December 23, 2024, Frame filed a motion for recovery of expenses incurred in making service and associated with the motion. (Doc. 4).

**II.     Law**

Rule 4(d)(1) allows a plaintiff to seek a waiver of formal service from certain defendants. Fed. R. Civ. P. 4(d)(1). Rule 4(d)'s purpose is "to eliminate the costs of service of a summons on many parties and to foster cooperation among adversaries and counsel." Fed. R. Civ. P. 4 advisory committees note to 1993 amendment. Defendants who waive service receive extra time to respond. Fed. R. Civ. P. 4(d)(3); Fed. R. Civ. P. 12(a)(1)(A)(ii). But defendants who decline to waive service, without good cause, *must* pay for the costs of service and any motion to collect service expenses:

> (2) Failure to Waive. If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
> (A) the expenses later incurred in making service; and
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. P. 4(d)(2). Thus, "[a] defendant located in the United States who fails to comply with the request for a waiver of formal service can avoid liability for these costs only by showing 'good cause' for its failure to comply." 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1092.1 (4th ed. 2024).

3

According to the advisory committee notes, "sufficient case [for failure to comply with a waiver request] should be rare." Fed. R. Civ. P. 4 advisory committees note to 1993 amendment. For example, "[i]t is not a good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction." Id. "Sufficient cause . . . would exist, however, if the defendant did not receive the request or was insufficiently literate in English to understand it." Id.

Rule 4(d)(1) lists several requirements for requesting a waiver of service. One requirement is that the waiver be sent "by first-class mail or other reliable means." Fed. R. Civ. P. 4(d)(1)(G). "'Other reliable means' should be interpreted fairly broadly." Wright & Miller, supra. "In the decades since the 1993 Advisory Committee Notes were drafted, other forms of electronic communications—such as email—have become more prevalent and have been used effectively to send waiver requests under Rule 4(d)." Id.

Another requirement is that defendants in the United States must be given "a reasonable time of at least 30 days after the request was sent . . . to return the waiver." Fed. R. Civ. P. 4(d)(1)(F). Thus, "[t]he notice and request must state a reasonable time for defendant to execute the waiver and return it to plaintiff." 1 James W. Moore et al., Moore's Federal Practice - Civil § 4.10 (2025). "The plaintiff must provide any defendant within the United States, at least 30 days from the date plaintiff mails the request to execute and return the waiver." Id. "Further, the period of time specified by plaintiff for return of the executed waiver commences when the notice is mailed to defendant and not at the moment in time when defendant first discovers that an action has been commenced." Id.

### III. Analysis

Frame argues that he is entitled to service and motion costs because he gave Hale 30 days to waive service and Hale failed to waive service within 30 days. Hale responds with three reasons

why he should not have to pay service and motion costs: (1) Hale was never actually served; (2) Butler accepted a waiver of service within 30 days from which Butler became aware of a request for waiver; and (3) all of this could have been avoided if Schoen agreed to a telephone conversation, so it would be "inequitable" to award fees and costs. (Doc. 10 at 4).

In short, Hale failed to comply with the waiver request. Frame emailed Hale a service waiver request on November 11, 2024. The email gave Hale 30 days to comply. Hale did not sign and return the waiver within 30 days, and Frame incurred service costs. Thus, Hale must show good cause for his failure to comply.

Good cause for failure to comply with a service waiver request is "rare." Fed. R. Civ. P. 4 advisory committees note to 1993 amendment. The enumerated examples of good cause are limited to situations where the waiver request was never received and situations where the defendant is illiterate. Id. Here, Hale does not dispute the sufficiency of the waiver request sent to him on November 11. Instead, Hale provides three reasons why he believes that he does not owe Rule 4(d)(2) costs. None of these reasons are a sufficient cause.

*First*, Hale argues that he was never actually served. But Hale is not contesting the validity of the service, and the service has nothing to do with Hale's failure to comply with the service waiver request. *Second*, Hale argues that Butler accepted a waiver of service within 30 days of the date in which Butler became aware of the waiver request. But "the period of time specified by plaintiff for return of the executed waiver commences when the notice is mailed to defendant." Moore, supra. *Third*, Hale argues that awarding costs would be inequitable because Schoen did not agree to a telephone call. But this argument fails to address why Hale did not respond to the request for waiver.

5

In sum, Hale fails to show good cause for his failure to comply with the request for a waiver of service. Therefore, the Court "must impose on the defendant: (A) the expenses incurred in making service and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2). Frame is entitled to $85 for service expenses and reasonable attorney's fees for the motion and the reply. (Docs. 4, 15).

Frame seeks attorney's fees for five hours of time required to collect the service expenses—two hours for the motion and three hours for the reply. Schoen asserts that he charges $1000/hour but will accept whatever fee the Court deems reasonable. The Court finds that a $5000 fee in this case is excessive. Instead, the Court finds that a reasonable fee is $400. Thus, the Court awards Frame a total of $485 against Hale for service expenses and attorney's fees.[1]

### IV.   Conclusion

Frame filed a motion for service expenses and attorney's fees because Hale failed to comply with Frame's service waiver request within 30 days. Hale has not shown good cause for his failure to comply. Frame's motion for expenses and attorney's fees under Rule 4(d)(2) is **granted**. Pursuant to Rule 4(d)(2), Plaintiff Frame is **awarded** $485 against Defendant Hale.

**DONE** and **ORDERED** this **25th day** of **February 2025.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] The undersigned is familiar with the reputation of counsel for Plaintiff and Defendant. Both are reputable and honorable members of the bar. The Court expects that counsel's admirable traits will become more apparent as this case progresses.