IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TYLER FRAME, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION No. 24-00411-KD-MU |
| | ) |
| LEE LOUIS HALE, JR., | ) |
|     Defendant. | ) |

## ORDER

This action is before the Court on the Motion to Certify Order for Appeal, (Doc. 27), filed by Defendant Lee Louis Hale, Jr. ("Hale"). Upon consideration, and for the reasons below, the motion is **DENIED**.

### I. BACKGROUND

On November 10, 2024, Plaintiff Tyler Frame ("Frame") sued Hale for legal malpractice under the Alabama Legal Services Liability Act ("ALSLA"). (Doc. 1 at 1). Frame's complaint sought damages under one cause of action based on Hale's acts and omissions in connection with a criminal prosecution in which Hale appeared as counsel for Frame. (Id.).

On January 9, 2025, Hale filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim based on the two-year statute of limitations of the ALSLA. (Doc. 7). Within 21 days of the motion to dismiss, Frame amended his complaint as a matter of course to allege six causes of action under the ALSLA. (Doc. 16, First Amended Complaint).

Hale again moved to dismiss the amended complaint under Rule 12(b)(6) for failure to state a claim. (Doc. 17). Hale sought the dismissal of Count One of the complaint based on the two-year statute of limitations of the ALSLA. (Id. at 4). Hale sought the dismissal of Count Two

and Count Three on the grounds that neither of these counts may stand alone as a cause of action under the ALSLA and because they are barred by the statute of limitations. (Id. at 7–9). Hale sought the dismissal of Counts Four through Six because Frame "fail[ed] to state a claim for fraud and conspiracy," because "aiding and abetting are not a recognized cause of action under the ALSLA," and because all three claims are barred by the statute of limitations. (Id.).

On August 6, 2025, the Magistrate Judge entered a Report and Recommendation that recommended denying Hale's motion to dismiss the amended complaint. (Doc. 21). The Magistrate Judge reached this conclusion by applying the damage approach to the statute of limitations issue. (Id.). Both parties objected to the Report and Recommendation. (Docs. 22, 24). After a *de novo* review of the portions of the recommendation to which objection was made, the Court partially adopted the Report and Recommendation as the opinion of this Court. (Doc. 26, the "Order"). Specifically, the Court reached the same conclusion that the motion to dismiss should be denied, but the Court reached this conclusion by applying both the occurrence and the damage approach. (Doc. 26). On October 6, 2025, Hale moved to certify the Order for appeal pursuant to 28 U.S.C. § 1292(b). (Doc. 27).

II.   LAW

Interlocutory appeals provide an exception to the general rule that federal jurisdiction of appeals requires a final judgment in the district court. 28 U.S.C. § 1291; 28 U.S.C. § 1292. "The most explicitly flexible provision for interlocutory appeals is provided by 28 U.S.C.A. § 1292(b)." 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3929 (3d ed. 2024). Under 28 U.S.C. § 1292(b), "a party may ask the district court to certify, and the court of appeals to accept, an interlocutory appeal." Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 110 (2009). To certify such an appeal, the district court must make an order stating "that

it is 'of the opinion' that the order (1) 'involves a controlling question of law,' (2) 'as to which there is substantial ground for difference of opinion,' and (3) 'that an immediate appeal may materially advance the ultimate termination of the litigation.'" Wright et al., supra, § 3930 (quoting 28 U.S.C. § 1292(b)).

### III.   ANALYSIS

An interlocutory appeal under 28 U.S.C. § 1292(b) is not warranted because the Court is not "of the opinion" that its Order meets the statutory requirements for a permissive appeal. To start, Hale argues that the Order "involves a controlling question of law" because it turns on the proper interpretation of the ALSLA's statute of limitations. (Doc. 27 at 5). The Eleventh Circuit has explained that "§ 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004). As explained by Frame, the "facts and nature of the allegations surrounding the facts is at the heart of the motion to dismiss and the Order denying it and would by definition be inextricably intertwined with the questions Hale asks this Court to certify for an interlocutory appeal." (Id. at 8). In other words, an appeal of the Order would not allow the Eleventh Circuit to rule on a pure question of law without having to delve into the record. Thus, the Order does not involve a controlling question of law as contemplated by the statute.

Next, Hale argues that there is substantial ground for difference of opinion over the issues sought to be appealed. (Doc. 27 at 6). In support, Hale points to the split in authority in Alabama caselaw on which approach applies to the ALSLA statute of limitations, and Hale references the different reasoning utilized by the Magistrate Judge and this Court. But these arguments are insufficient to show a substantial ground for the difference of opinion for two reasons.

3

*First*, the Alabama Supreme Court has had several opportunities to clarify which approach lower courts ought to apply, and the Alabama Supreme Court has continually refused to adopt an approach. Therefore, the controlling precedent leaves no ground for difference of opinion—courts must analyze the ALSLA statute of limitations defense under both approaches. *Second*, there is not *substantial* ground for the difference of opinion between the Magistrate Judge and this Court. Both opinions concluded that Hale's motion to dismiss should be denied.

On this point, Hale's argument that the Court's application of the occurrence approach is contrary to Alabama Supreme Court precedents misrepresents the Order and the caselaw. (Doc. 27 at 9). The Order acknowledged that "several discrete acts alleged by [Frame] occurred outside the two-year limitations period." (Doc. 26 at 3). And the Order explained that "the fact that these acts are alleged in the complaint does not entirely bar an ALSLA claim against [Hale]." (Id.). The Order did not state that Frame's complaint alleged *actionable* acts or omissions outside the limitations period.[1] Moreover, the Court's application of the occurrence approach is not contrary to Alabama Supreme Court decisions. Hale has not cited a single decision of the Alabama Supreme Court affirming the dismissal of a complaint under the occurrence approach.[2]

---

[1] Frame has adamantly argued that he has "*never* at any time alleged that any *actionable* acts or omissions by Hale took place outside the two year period." (Doc. 31 at 7–8). Indeed, the amended complaint provides:

> It is the cumulative effect of Hale's acts and omissions as alleged herein that constitute the actionable legal malpractice complained of and that proximately caused injury to Mr. Frame and it is but for the cumulative effect of Hale's acts and omissions until the time of his withdrawal from the case on January 17, 2023, that the outcome of the underlying case would have been different.

(Doc. 16 at 3).

[2] The cases Hale cites to support his argument are distinguishable. (Doc. 27 at 9) (citing Martin v. Scarborough, et al., SC-2023-0904, 2024 Ala. LEXIS 195, *25–26 (Ala. Nov. 22, 2024) and Fox v. Hughston, 382 So. 3d 1207, 1216 (Ala. 2023)). Neither Martin nor Fox held that an ALSLA action is time-barred under the occurrence approach when discrete acts alleged in the complaint occur outside the two-year period. And neither case involved an appeal of a motion to dismiss. In

Last, Hale argues that immediate appeal may materially advance the ultimate termination of the litigation. (Doc. 27 at 9). The entirety of Hale's argument in support of this contention follows:

> Immediate appeal of this Court's September 25, 2025 Order could materially advance the ultimate termination of this litigation by preventing the need for lengthy discovery and trial. A ruling by the Eleventh Circuit Court of appeals that, as a matter of law, the Alabama Supreme Court has adopted the occurrence approach and that a plaintiff's allegations of acts or omissions beyond the two-year statutory period render his claim untimely filed would require dismissal of Frame's claims and end this litigation.

(Doc. 27 at 9–10). The Court is not convinced.

The requirement that an appeal may materially advance the ultimate termination of the litigation often blends with the question of whether there is a controlling question of law. Wright et al., supra, § 3930. Here, the issue does not involve a controlling question of law. The issue involves the application of the settled law to the allegations in the complaint. Practically, Hale's requested appeal would *slow* the ultimate termination of this litigation. Hale asks this Court to ask the Eleventh Circuit to speak for the Alabama Supreme Court when the Alabama Supreme Court has already spoken.[3] At this stage, the ultimate termination of this litigation will be materially advanced by a development of the record through discovery—not by an interlocutory appeal.

---

fact, both cases had certain dates where "the act or omission giving rise to" the claims occurred. Fox, 382 So. 3d at 1216; Martin, 2024 Ala. LEXIS 195 at *21.

[3] Justice Mitchell's concurrence in Fox explained that the majority opinion "faithfully applie[d] [the Alabama Supreme Court's] precedents" by utilizing both approaches. Fox v. Hughston, 382 So. 3d 1207, 1218 (Ala. 2023) (Mitchell, J., concurring). Although Justice Mitchell and Chief Justice Parker wrote separately to argue that the occurrence approach should be adopted, the Alabama Supreme Court has refused to do so. See Martin v. Scarborough, et al., No. SC-2023-0904, 2024 WL 4863866, at *10 (Ala. Nov. 22, 2024).

## IV. CONCLUSION

Hale's motion fails to show that an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is warranted. The Court is not "of the opinion" that the order (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. Therefore, Hale's motion is **DENIED**.

Hale is **ORDERED** to respond to the Second Amended Complaint **on or before November 12, 2025.**

**DONE** and **ORDERED** this **29th day** of **October 2025.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**