IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TYLER FRAME,           ) | |
|     Plaintiff,  ) | |
| ) | |
| v.                                 ) | CIVIL ACTION No. 24-00411-KD-MU |
| ) | |
| LEE LOUIS HALE, JR.,     ) | |
|     Defendant.  ) | |

**ORDER**

This action is before the Court on the Motion to Strike Defendant's Affirmative Defenses and Other Parts of Defendant's Answer, (Doc. 34), filed by Plaintiff Tyler Frame ("Frame"). Upon consideration, and for the reasons below, the motion is **GRANTED in PART**.

**I.    Background**

This case involves a lawsuit against Defendant Lee Louis Hale, Jr. ("Hale") for legal malpractice under the Alabama Legal Services Liability Act ("ALSLA"). The complaint was filed on November 10, 2024. (Doc. 1). Since then, the parties have engaged in an extensive motion practice.

On December 24, 2024, Frame moved for recovery of expenses pursuant to Federal Rule of Civil Procedure 4(d)(2). (Doc. 4). The parties' briefing on this motion showed contentious "back and forth" between opposing parties' counsel via email. (Doc. 19 at 3) (citing Doc. 10-4). On November 25, 2025, the Court granted Frame's motion for expenses. (Doc. 19). The order also explained that the "Court expects that [both] counsel's admirable traits will become more apparent as this case progresses." (Id. at 6 n.1).

On January 9, 2025, Hale filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim based on the two-year statute of limitations of

1

the ALSLA. (Doc. 7). Within 21 days of the motion to dismiss, Frame amended his complaint as a matter of course to allege six causes of action under the ALSLA. (Doc. 16).

Hale moved to dismiss the Amended Complaint under Rule 12(b)(6) for failure to state a claim. (Doc. 17). On August 6, 2025, the Magistrate Judge entered a Report and Recommendation that recommended denying Hale's motion to dismiss the amended complaint. (Doc. 21). Both parties filed objections, and Frame filed a response to Hale's objection. (Docs. 22, 24, 25). Frame also filed a Second Amended Complaint to comply with the recommendation. (Doc. 23).

The Court partially adopted the recommendation after a *de novo* review of the portions to which objection was made. (Doc. 26). Specifically, the Court reached the same conclusion that the motion to dismiss should be denied, but the Court reached this conclusion by applying both the occurrence and the damage approach. (Doc. 26). The Court also deemed Hale's Second Amended Complaint the operative complaint.

On October 6, 2025, Hale moved to certify the order partially adopting the Report and Recommendation for appeal pursuant to 28 U.S.C. § 1292(b). (Doc. 27). Two days later, Hale moved to extend his deadline to answer the operative complaint until the Court ruled on the motion to certify. (Doc. 29). The next day, the Court granted the motion for extension of time to answer the Complaint. (Doc. 30).

On October 29, 2025, the Court denied the motion to certify the order partially adopting the Report and Recommendation for appeal. (Doc. 32). The Court also ordered Hale to respond to the operative complaint by November 12, 2025. (Id. at 6). On November 12, 2025, Hale filed his answer to the operative complaint. (Doc. 33).

On December 1, 2025, Frame moved to strike Hale's affirmative defenses and other parts of Hale's answer pursuant to Federal Rule of Civil Procedure 12(f). (Doc. 34).

## II.     Law

Federal Rule of Civil Procedure 12(f) permits a court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading. Fed. R. Civ. P. 12(f). District courts have "broad discretion" when ruling on a motion to strike, but motions to strike are generally disfavored. 1 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary § 12:75 (2025). "A motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Harty v. SRA/Palm Trails Plaza, LLC, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (quoting Story v. Sunshine Foliage World, Inc., 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000)).

"Federal Rule of Civil Procedure 8 governs substantive pleading requirements." Gensler, supra at § 8:1. Rule 8(a) states the requirements for a pleading that states a claim for relief—including the requirement that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(b) governs admissions and denials in responsive pleadings. "A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4). Rule 8(c) governs affirmative defenses. "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1).

## III.     Analysis

Frame moves to strike the portions of Hale's Answer that contain allegedly (1) insufficient affirmative defenses and (2) improper denials. The parties divide their analysis into these two sections. So too will the Court.

### A. Affirmative Defenses

At the outset, the parties dispute the pleading requirements for an affirmative defense. Frame "ask[s] the Court to apply the plausibility standard from the decisions in <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555–56 (2007) and <u>Ashcraft v Iqbal</u>, 556 U.S. 662 (2009)." (Doc. 34 at 3). Hale asks the Court to decline from applying the heightened pleading standards from <u>Twombly</u> and <u>Iqbal</u> and to instead apply the "fair notice" standard. (Doc. 36 at 5). Hale considers Frame's statements on the pleading requirements for an affirmative defense to be "at best erroneous, and at worst, a deliberate attempt to mislead this Court." (Doc. 36 at 3).

1. <u>The Court will apply the "fair notice" standard.</u>

In general, disputes over the pleading requirements for an affirmative defense are not uncommon. Simply put, "courts are in disagreement as to whether the pleading standard articulated in <u>Bell Atlantic Corporation v. Twombly</u> . . . and <u>Iqbal v. Ashcroft</u> . . . extends to the pleading of affirmative defenses." 5 <u>Wright & Miller's Federal Practice & Procedure</u> § 1274 (4th ed. 2025). Even within the Eleventh Circuit, courts have reached different conclusions on this issue. <u>See Gomez v. Bird Auto., LLC</u>, 411 F. Supp. 3d 1332, 1336 (S.D. Fla. 2019) ("We acknowledge that there is a split of authority in the Eleventh Circuit on the question [of whether <u>Twombly</u> applies to affirmative defenses.]").

The history of this dispute can be summed up as follows. "Until recently, it seemed well-established that affirmative defenses were adequately pleaded so long as they gave the plaintiff fair notice of the defense." Gensler, <u>supra</u> at § 8:51. As "long as an affirmative defense was specifically identified, the prevailing view was that a defendant provided 'fair notice' merely by invoking it, without the need to explain why the defense applied or provide a factual predicate." <u>Id.</u> Recently, "the lower federal courts have wrestled with whether the pleading standards that

4

apply to claims under Federal Rule of Civil Procedure 8(a)(2), as set out in Bell Atlantic v. Twombly and Ashcroft v. Iqbal, also apply to the pleading of affirmative defenses under Rule 8(c)." Id. "Initially, the majority of district court decisions held that the Twombly and Iqbal pleading standards applied to the pleading of affirmative defenses." Id. "More recently, however, the trend has been to hold that the Twombly and Iqbal pleading standards do not apply to the pleading of affirmative defenses." Id.

Given the division on this issue, the Court does not consider Frame's invitation for the Court to apply the Twombly and Iqbal standard to affirmative defenses to be a deliberate attempt to mislead the Court. However, the Court does consider Frame's position to be erroneous. Rule 8(c), which governs affirmative defenses, only requires a defendant to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). As such, "Rule 8(c) lacks Rule 8(a)(2)'s textual 'showing' requirement, which forms a lynchpin of Twombly and Iqbal analysis." Gensler, supra at § 8:51. This has led most courts and the leading secondary sources to conclude that "the plausibility standard should not apply to affirmative defenses." Id.; Wright & Miller, supra ("[T]he majority of courts have rightly held that Rule 8(c) does not warrant the extension of the Twombly and Iqbal standard to affirmative defenses."). Therefore, the Court declines to extend the plausibility standard from Twombly and Iqbal to affirmative defenses.

The question remains: what is the proper standard for pleading affirmative defenses? Under Rule 8(c) and Eleventh Circuit precedent, the only pleading requirement for affirmative defenses is that they give the opposing party fair notice of issues that may be raised at trial. "The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." Hassan v. United States Postal Service, 842 F.2d 260, 263 (11th Cir. 1988).

2. It is unnecessary to strike the allegedly insufficient affirmative defenses.

After reviewing the allegedly insufficient affirmative defenses, the Court concludes that none are due to be stricken. To the extent that some affirmative defenses are mislabeled denials, those affirmative defenses may be treated as denials. See, e.g., Tsavaris v. Pfizer, Inc., 310 F.R.D. 678, 682 (S.D. Fla. 2015) ("When a defendant mislabels a specific denial as a defense, the proper remedy is to treat the claim as a denial, not to strike it."). To the extent that some affirmative defenses are more in the nature of reservations of rights, those affirmative defenses are essentially meaningless and do not prejudice Frame in any way. See, e.g., Ramnarine v. CP RE Holdco 2009-1, LLC, 2013 WL 1788503, at *6 (S.D. Fla. Apr. 26, 2013) (explaining that a "reservation of rights within an answer is essentially meaningless" and "does not prejudice Plaintiff in any way"). To the extent that Frame argues that some affirmative defenses lack specificity, the Court disagrees. Those affirmative defenses raise "additional issues that may be raised at trial" regarding Frame's one cause of action—malpractice under the ALSLA. Hassan, 842 F.2d at 263.

**B. Denials**

Frame argues that many of Hale's "one-word responses are blanket denials that fail the basic rules of pleadings." (Doc. 34 at 12). In support, Frame cites the general standard for denials: "A denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). And Frame cites the specific standard for the partial denial of an allegation: "A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4). Frame argues that many of the one-word denials are improper because those denials were made in response to an allegation that contains multiple parts.

Hale responds by stating that he "made every effort to properly respond to each numbered paragraph and [that] all denials were made in good faith." (Doc. 36 at 17). Hale argues that "[t]his

exercise was made more difficult by the nature of [Frame's] allegations, which in certain Paragraphs span multiple pages and often contain legal conclusions, rather than factual statements." (Id. at 17–18). Hale contends that "such denials were necessary and appropriate given the language used by [Hale] in drafting his Complaint." (Id. at 18).

"An opposing party has three options for responding to an allegation: (1) it can admit the allegation; (2) it can deny the allegation; or (3) it can state that it lacks information or knowledge sufficient to form a basis to either admit or deny." Gensler, supra at § 8:36. "A party may not deny an entire allegation simply because some portion of it is false." Id. at § 8:39. "For example, assume the plaintiff alleges that the defendant hit him on the head with a hockey stick, but that in fact the defendant hit him on the head with a cricket bat." Id. "The proper response would be for the defendant to admit hitting the plaintiff on the head, but to deny doing so with a hockey stick. The defendant could not in good faith deny the allegation in its entirety." Id.

1. Certain denials in the Answer fail to comply with the pleading rules.

After reviewing the allegedly improper denials, the Court concludes that several fail to comply with the pleading rules. In general, portions of Hale's Answer fail to comply with Rule 8(b)(2): "A denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). And portions of Hale's Answer fail to comply with Rule 8(b)(4): "A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4). Specifically, Frame's motion shows that Hale's denials in **Paragraphs 10, 18, 24, 46, 47, 54, and 55** fail to properly respond to the allegations in the Complaint.

For example, **Paragraph 24** alleges, in part, that Hale's attorney wrote a letter threatening Frame if he did not immediately withdraw his lawsuit against Hale. (Doc. 23 at 15). Hale's answer states that a response is not required to this part of the allegation. (Doc. 33 at 3). Hale defends his

7

answer by arguing that "the majority of the allegations reference written correspondence, which Defendant asserts are documents that will be entered into evidence." (Doc. 36 at 19). Because the Answer in **Paragraph 24** fails to provide a response to part of the allegation, it is improper. Tellingly, Hale's response states: "If further response is required from Defendant, Defendant denies Plaintiff's characterization that the letter from his attorney contained false or misleading information, and respectfully requests an opportunity to amend his Answer to reflect this denial." (Id.).

Further, **Paragraph 10** alleges, in part, that Hale was hired as local counsel and that an attorney–client relationship was created between Frame and Hale. (Doc. 23 at 5). Hale answered with a one-word denial. (Doc. 33 at 2). Hale defends his denial of this allegation by arguing that "Defendant was not retained to be part of Plaintiff's defense team." (Doc. 36 at 18). But "[a] party may not deny an entire allegation simply because some portion of it is false." Gensler, supra at § 8:39. Accordingly, Hale's denial of this allegation neither "fairly responds to the substance of the allegation" nor "admit[s] the part that is true." Fed. R. Civ. P. 8(b)(2), (4).

In the remaining Paragraphs listed above, Hale provides a general denial to multi-part allegations. Hale defends his answers by arguing that he responded appropriately given the language of the allegations. For example, Hale argues that the allegations in **Paragraph 18** are tied to Frame's ultimate allegation that Hale "failed" alleged obligations when representing Hale. (Doc. 36 at 18). As for **Paragraphs 46, 47, 54, and 55**, Hale argues (1) that the allegations are technically incorrect because a letter dated October 25, 2024, does not exist and (2) that he responded appropriately to the substance of the allegations because they were framed in "inflammatory terms." (Id. at 20). To fairly respond to the substance of these allegations, however, Hale should admit the parts of the allegations that are true. Hale can do this simply by specifying

which parts he admits are true (e.g., that a letter was sent) and denying what he is unwilling to admit (e.g., the characterization of the allegation).

In sum, the answers in the Paragraphs listed above fail to comply with the pleading rules. Therefore, these answers are stricken, and Hale will be granted leave to amend his Answer. The other denials in Paragraphs listed by Frame's motion will not be stricken.[1]

### IV.     Conclusion

Frame moves to strike Hale's answer based on allegedly insufficient affirmative defenses and improper denials. It is unnecessary to strike the affirmative defenses, but certain denials fail to comply with the pleading requirements. Therefore, the motion to strike is **GRANTED in PART**. The answers in **Paragraphs 10, 18, 24, 46, 47, 54, and 55** are **STRICKEN**.

Hale is **ORDERED** to file an amended answer **on or before January 23, 2026**.

**DONE** and **ORDERED** this **9th day** of **January 2026.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] As for Paragraph 27, Frame is correct that parts of Hale's Answer are insufficient—that the ALSLA "speaks for itself" and that he is "not obligated to answer purported legal standards or conclusions." (Doc. 34 at 16). "Rule 8 does not permit a defendant to answer that an exhibit 'speaks for itself,' or that plaintiff has alleged a 'legal conclusion.'" Clarendon Am. Ins. Co. v. All Bros. Painting, Inc., No. 6:13-CV-934-ORL-22, 2013 WL 5921538, at *3 (M.D. Fla. Nov. 4, 2013). However, this answer also states that "Defendant has insufficient information as to Plaintiff's allegation of 'entry into the case.'" (Doc. 33 at 4). Therefore, it provides one of the three possible responses.

As for the other Paragraphs, the analysis is scant on both sides. More discussion is devoted to the sufficiency of the opposing party's brief than to the sufficiency of the denials. The Court will not strike these Paragraphs, but Hale may correct any that he believes to be deficient.

9